STEELE LLP
John C. Steele, State Bar No. 179875
Tanya C. McCullah, State Bar No. 279614
17272 Red Hill Avenue
Irvine, California 92614
Telephone: 949.222.1161
Fax:  949.221.9500
Email:  jsteele@steelellp.com; tmccullah@steelellp.com

Attorneys for Defendant
MTC FINANCIAL INC. dba TRUSTEE CORPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA REEDER,<br><br>Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP (SF); MTC FINANCIAL INC. dba TRUSTEE CORPS (MTC),<br><br>Defendants. | Case No.: 3:23-cv-05986-SK<br>Action filed: November 20, 2023<br><br>**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' REPLY IN SUPPORT OF ITS FRCP 12(B) MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: February 20, 2024<br>Hearing Time: 10:00 a.m.<br>Judge: Rita F. Lin<br>Ctrm: Courtroom 15 – 18th Floor |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, MTC Financial Inc. dba Trustee Corps

("Trustee Corps" or "Defendant"), hereby submits the following Points and Authorities as a Reply to plaintiff, Tamara Reeder's ("Plaintiff"), Opposition ("Opposition") to Defendant's FRCP Rule 12(b) Motion ("Motion") to Dismiss Plaintiff's Complaint ("Complaint").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

As explained in Trustee Corps' Motion, it is clear that Plaintiff has named Trustee Corps as a defendant in this litigation solely due to Trustee Corps' recordation of the foreclosure-related notices at the behest of the beneficiary. However, these actions taken by Trustee Corps as part of the foreclosure process are privileged. Indeed, as the foreclosure trustee, Trustee Corps was privileged to record nonjudicial foreclosure documents like the Notice of Default, and Trustee Corps' actions cannot form the basis of liability. *See* Civil Code section 2924(b) and (d). For these reasons alone, Plaintiff's Complaint is subject to Trustee Corps' Motion.

Plaintiff's Opposition also fails to remedy the Complaint's failure to sufficiently allege any viable claim against Trustee Corps. Indeed, rather than address the argument contained in Trustee Corps' Motion, Plaintiff's Opposition merely recites numerous theories and jurisdiction challenges that have long been rejected by the courts and found to have no legal merit. As Plaintiff has failed to allege any facts demonstrating any wrongdoing or ill intent by Trustee Corps with the specificity required by law, much less any facts that would overcome the trustee privilege, Plaintiff's entire Complaint should be dismissed against Trustee Corps *with prejudice*.

## II.   ARGUMENT

### A.   Plaintiff Fails to Substantively Oppose the Motion to Dismiss.

#### 1.   <u>Plaintiff does not dispute the Motion's argument, including the argument that Plaintiff's lawsuit is barred by the trustee privilege</u>.



Plaintiff's Opposition fails to specifically and substantively oppose any of the defenses and arguments raised in the Motion, most notably, the argument that Plaintiff's entire lawsuit is **barred** against Trustee Corps due to the trustee privilege. (See Motion, pp. 6-10). As explained in Trustee Corps' Motion, it is clear that Plaintiff has named Trustee Corps as a defendant in this litigation solely due to Trustee Corps' recordation of the foreclosure-related notices at the behest of the beneficiary. These actions taken by Trustee Corps as part of the foreclosure process are **privileged**. Indeed, as the foreclosure trustee, Trustee Corps was privileged to record nonjudicial foreclosure documents like the Notice of Default, and these actions cannot form the basis of liability. *See* Civil Code section 2924(b) and (d). For that reason alone, Plaintiff's claims should be dismissed against Trustee Corps *without* leave to amend.

Plaintiff's Opposition also does nothing to address the Motion's argument that Plaintiff has failed to sufficiently allege **any** wrongful conduct by Trustee Corps, much less provide any facts demonstrating that Trustee Corps has committed elder abuse or violated numerous debt collection and reporting statutes. Plaintiff's failure to address these issues in her Opposition is telling. As Plaintiff has failed to address the arguments raised in the Motion, the Court should infer that Trustee Corps' Motion has merit and should be granted. See *Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3 (C.D. Cal., Oct. 6, 2011) ("[w]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quoting *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002)).

### 2. **Plaintiff should not be given leave to amend**.

As explained above, Plaintiff cannot sue Trustee Corps over its recording of the foreclosure notices and actions taken in its capacity as foreclosure trustee, as Plaintiff's lawsuit against Trustee Corps is barred by the trustee privilege. On this ground alone, the Court should dismiss Plaintiff's Complaint against Trustee Corps *without* leave to amend.



The fact that Trustee Corps, the mere foreclosure trustee, should not be subjected to any further participation in Plaintiff's lawsuit is made clear upon review of the Opposition's arguments. Indeed, rather than address the legal defenses and arguments contained in Trustee Corps' Motion, Plaintiff's Opposition merely recites numerous "sovereign citizen" inspired theories (*e.g.*, lack of jurisdiction, treason, federal territory restrictions, acts of congress, confederate states, no "money" or consideration for loan, etc.) (see Opposition, generally.), that have long been held as frivolous and without legal merit. See *Richson-Bey v. Palmer*, 2023 WL 4274345, at *3 (E.D. Cal., June 29, 2023) ("While many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle is the belief that, even though they physically reside in this county, the state and/or federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior…Arguments and claims arising from the sovereign citizen ideology are routinely rejected by countless federal courts.") (citations omitted); see also, *Vachon v. Reverse Mortgage Solutions, Inc.*, 2017 WL 6628103, at *5-6 (C.D. Cal., Aug. 11, 2017) ("While the Court must take plaintiff's factual allegations as true when ruling on a motion to dismiss, the Court need not accept the pseudo-legal conclusion that 'there is no money' and that all loan contracts are void. The redemption and vapor money theories have been dismissed as patently frivolous by this circuit and across the country.") (citations omitted).

Given that Trustee Corps' actions are protected by the trustee privilege, and given the apparently frivolous nature of Plaintiff's lawsuit demonstrated by the Opposition's arguments, this Court should dismiss Plaintiff's Complaint against Trustee Corps *with* prejudice.

///
///
///
///

### III. CONCLUSION

For these reasons, Trustee Corps' Motion should be granted, and Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

Date:  January 2, 2024			**STEELE LLP**

_____
John C. Steele
Attorneys for Defendant
MTC Financial Inc. dba Trustee Corps



## PROOF OF SERVICE

I, Raymond Soriano, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to this action. My business address is 17272 Red Hill Avenue, Irvine, California 92614. On January 2, 2024, I served a copy of the following document(s):

**DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS' REPLY IN SUPPORT OF ITS FRCP 12(B) MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT**

☐ By transmitting via electronic filing the document(s) listed above using my email address (rsoriano@steelellp.com) and the electronic filing service GreenFiling Service to the email address set forth below:

☐ By enclosing the documents in an envelope or package provided by an overnight carrier and addressed to the persons below and by placing the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier:

■ By depositing the document(s) listed above in a sealed envelope with prepaid postage with the United States Postal Service, Irvine, California, or by placing the envelope for collection and mailing following our ordinary business practices.

Tamara Reeder
5632 Weaver Place
Oakland, CA 94619
*PRO SE*

I am readily familiar with this firm's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope, postage prepaid.

☐ By transmitting via my email address (rsoriano@steelellp.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

    I declare under penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct.

                                    /s/ Raymond Soriano
                                    Raymond Soriano

