**WRIGHT, FINLAY & ZAK, LLP**
T. Robert Finlay, Esq., SBN 167280
Kathryn A. Moorer, Esq., SBN 272801
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
T: (949) 477-5050 / F: (949) 608-9142
Email: kmoorer@wrightlegal.net

Attorneys for Defendant SELENE FINANCE, LP

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| TAMARA REEDER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SELENE FINANCE, LP, a Delaware limited partnership; and MTC FINANCIAL, INC., d/b/a TRUSTEE CORPS, a California corporation,<br><br>Defendants. | Case No. 3:23-cv-05986-SK<br><br>*Assigned to Hon. Rita F. Lin*<br><br>**SELENE FINANCE, LP'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**[FRCP Rule 12(b)(6)]**<br><br>**Motion Hearing Date:**<br><br>Date: April 23, 2024<br>Time: 10:00 p.m.<br>Ctrm: 15 – 18th Floor |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant SELENE FINANCE, LP ("Defendant" or "Selene") hereby submits this reply brief ("Reply") in support of its Motion to Dismiss the Complaint of Plaintiff TAMARA REEDER ("Plaintiff") as follows:

1

REPPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Opposition fails to substantively address the arguments in the Motion to Dismiss and presents nothing to suggest that Plaintiff can remedy the Complaint via amendment. The Opposition confirms what Selene presumed from reading the bare-bones Complaint – Plaintiff is attempting to assert a pre-foreclosure challenge to Selene's authority to foreclose, which Plaintiff lacks standing to do as a matter of law. Rather than address the arguments in the Motion to Dismiss, Plaintiff has resorted to threatening sanctions and disbarment proceedings against Selene's counsel in an effort to intimidate Selene into withdrawing its Motion. This is improper.

Moreover, Plaintiff's purported evidence lacks proper foundation, is irrelevant and meritless. Even if Plaintiff's "new evidence" (in the form of an affidavit by a private investigator, without personal knowledge of the facts, who has not been designated an expert witness) were to be considered, it is meritless. Such securitization theories have been continuously rejected by California Courts and those in other districts that have also found affidavits by Joseph R. Esquivel, Jr. to be irrelevant, immaterial and inadmissible.

For these reasons and as set forth in more detail below, this Motion should be granted, without leave to amend.

## II. ARGUMENT

### A. Plaintiff Has Failed to Substantively Oppose the Motion

Plaintiff's Opposition also does nothing to address the Motion's arguments that (1) Plaintiff lacks standing to assert a preemptive challenge to Selene's authority to foreclose, and (2) Plaintiff has failed to sufficiently allege any wrongful conduct by Selene, much less provide any facts demonstrating that Selene has committed elder abuse or violated numerous debt collection and reporting statutes. Plaintiff's failure to address these issues in her Opposition is telling. As Plaintiff has failed to address the arguments

raised in the Motion, the Court should infer that Plaintiff has conceded these arguments have merit and the Motion should be granted. *See Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3 (C.D. Cal., Oct. 6, 2011) ("[w]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quoting *Hopkins v. Women's Div., Gen. Bd. Of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002)). Moreover, Plaintiff presents no facts to suggest that she could get around the Complaint's deficiencies via an amendment. Thus, the Motion should be granted with prejudice.

B. **Plaintiff Should Not Be Granted Leave to Amend**

Plaintiff's Opposition is nothing more than a continuation of the threats asserted in her letter to counsel. To the extent she incorporates her Opposition to Co-Defendant's Motion to Dismiss, those arguments fail as a matter of law. Plaintiff's Opposition to Co-Defendant's Motion to Dismiss merely recites numerous "sovereign citizen" inspired theories (e.g., lack of jurisdiction, treason, federal territory restrictions, acts of congress, confederate states, no "money" or consideration for loan, etc.) that have long been held as frivolous and without legal merit. *See Richson-Bey v. Palmer*, 2023 WL 4274345, at *3 (E.D. Cal., June 29, 2023) ("While many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle is the belief that, even though they physically reside in this county, the state and/or federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior… Arguments and claims arising from the sovereign citizen ideology are routinely rejected by countless federal courts.") (citations omitted); *see also, Vachon v. Reverse Mortgage Solutions, Inc.*, 2017 WL 6628103, at *5-6 (C.D. Cal., Aug. 11, 2017) ("While the Court must take plaintiff's factual allegations as true when ruling on a motion to dismiss, the Court need not accept the pseudo-legal conclusion that 'there is no money' and that all loan contracts are void.

The redemption and vapor money theories have been dismissed as patently frivolous by this circuit and across the country.") (citations omitted).

Moreover, Plaintiff's purported evidence in the form of an affidavit that she "believes is true" is not based on anything within Plaintiff's personal knowledge but rather a private investigator whose similar affidavits have been rejected by numerous other Courts. *Hill v. United States Bank, N.A*. (C.D. Cal. 2019) 2019 U.S. Dist. LEXIS 130988, *2-27 (granting Bank's Motion to Dismiss a Complaint predicated on a Joseph R. Esquivel, Jr. affidavit of similar content); *Trebas v. Guild Mortg. Co*. (D. Mon. 2018) 2018 U.S. Dist. LEXIS 128044, *10 (granting summary judgment in favor of the bank, finding that "Esquivel's assertion constitutes speculation that whatever interest was transferred might have been the beneficial interest in the deed of trust."); *Prendeville v. J.P. Morgan Chase Bank* (D. Nev. 2022) 2022 U.S. Dist. LEXIS 79867, *1-3 (denying a temporary restraining order predicated on a similar Joseph R. Esquivel, Jr. affidavit); *Lakeview Loan Servicing v. Mobley* (N. D. Ga. 2022) 2022 U.S. Dist. LEXIS 33538, *5-6, 2022 WL 552740 (denying a motion for reconsideration by a borrower: "Mobley's argument is based exclusively on the Esquivel Affidavit, in which Esquivel, a licensed private investigator, opines that the loan Mobley entered into with Prospect was securitized in the Ginnie Mae REMIC Trust 2012-096 in August of 2012. Esquivel Aff. ¶¶ 17, 21, 34. There are two flaws with Mobley's argument: (1) this evidence is not new, and (2) the Esquivel Affidavit is not evidence of anything relevant to any material issue in this case."). As explained by the District Court for the Northern District of Georgia in *Basson v. Fay Servicing, LLC* (N.D. Ga. 2023) 2023 U.S. Dist. LEXIS 178950, *9-11, even if Esquivel's theories regarding securitization were true, they are without merit:

> Given the protracted litigation in this case, the Court need only address the most recent attack on foreclosure. At present, Plaintiffs proffer an "affidavit" and "Chain of Title Analysis & Mortgage Fraud Investigation" from Joseph R. Esquivel, Jr. ("Esquivel"), a private investigator in the State of Texas, in an effort to thwart the August 1

4
REPPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

foreclosure. [Dkt. 2-3, Exhibit B - Affidavit and Investigation of Joseph R. Esquivel, Jr. ("Esquivel Aff.")]. Plaintiffs rely on Esquivel and argue that the Fay Defendants lack standing to foreclose since the Security Deed was assigned into the Fannie Mae REMIC Trust without a transfer of the Note, and that, as a result, the Trust never acquired rights that could be transferred. [Esquivel Aff., ¶¶ 94-95].

The Court finds and concludes that the Bassons' claims concerning "securitization" of the loan are without merit. "Regardless of whether the loan was 'pooled' or 'securitized,' the debtor still has an obligation to repay." Searcy v. EMC Mortg. Corp., No. 1:10-CV-965-WBH (N.D. Ga. Sept. 30, 2010) (Hunt, J.) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure.").

**Esquivel's theories have been rejected by other judges in this district**. See, e.g., Lakeview Loan Servicing LLC v. Mobley, 2022 U.S. Dist. LEXIS 33538, 2022 WL 552740 (N.D. Ga. Jan. 13, 2022) (stating that the Esquivel Affidavit is "wholly irrelevant" and "does not do anything but confirm (1) the existence of the assignment and transfers of the security deed . . . and (2) that no ownership interest was transferred to the Ginnie [*11] Mae REMIC Trust 2012-096"); Fed. Nat'l Mortg. Ass'n v. Harris, 2012 U.S. Dist. LEXIS 202802, 2012 WL 13013000, at *2 (N.D. Ga. Aug. 13, 2012).

Accordingly, leave to amend should be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state any valid cause of action against Selene. Accordingly, the Complaint should be dismissed, with prejudice.

WRIGHT, FINLAY & ZAK, LLP

Dated: April 2, 2024    By: _____
Kathryn Moorer, Esq.
Attorneys for Defendant SELENE FINANCE, LP

5
REPPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

# PROOF OF SERVICE

I, Debbi Bosman, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the U.S. Postal Service. Such correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On April 2, 2024, I served the within **SELENE FINANCE, LP'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** on all parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Tamara Reeder
5632 Weaver Place
Oakland, CA 94619
T: 510-529-9292
Email: tamreed5632@gmail.com
*Plaintiff Pro Se*

John C. Steele, Esq.
Tanya C. McCullah, Esq.
17272 Red Hill Avenue
Irvine, California 92614
T: 949-222-1161 / F: 949-221-9500
Email: jsteele@steelellp.com; tmccullah@steelellp.com
*Attorneys for Defendant MTC Financial Inc. dba Trustee Corps*

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon

PROOF OF SERVICE

completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X] (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2024, at Newport Beach, California.

*Debbi Bosman*
Debbi Bosman

PROOF OF SERVICE